NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
SHAHEEN P. TORGOLEY
BRETT RUFF
Assistant United States Attorneys
Shaheen.Torgoley@usdoj.gov
Brett.Ruff@udoj.gov
501 Las Vegas Boulevard South
Suite 1100
Las Vegas, Nevada 89101
702-388-6336
Representing the United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

   Plaintiff,

   v.

ADALI ESCALANTE-TRUJILLO, et al.,

   Defendants.

Case No. 2:20-cr-00156-RFB-DJA

MOTION FOR A PROTECTIVE ORDER GOVERNING DISCOVERY

    The Government and the indicted Defendants in the above-captioned case, by and through their respective attorneys of record, respectfully move the Court to find that an order governing disclosure of certain discovery material is necessary pursuant to Fed. R. Crim. P. 16(d).  The same parties further respectfully request that the Court find that grand jury and other discovery materials provided by the Government are being provided for the purpose of the trial in this case.

    IT IS THEREFORE ORDERED that:

    1.    In order to protect the safety and privacy interests of innocent third parties and potential witnesses, to protect law enforcement interests, and to encourage early, broad

and expansive discovery in this case, the defendants, the defendants' attorneys of record, and their respective staff members and others retained to work on the case:

      a) shall not distribute law enforcement reports, transcripts, recordings, and/or other materials provided by the Government pursuant to discovery except as set forth below;

      b) shall not provide any law enforcement reports, transcripts, recordings, and other materials provided pursuant to discovery to anyone with the exception of their client defendants, the attorneys of record to whom the discovery is produced, members of the attorneys' staff—including legal assistants, paralegals, law clerks, and defense investigators, and experts retained by counsel to work on the case. Counsel for the defendants are ordered to provide a copy of this Order to anyone retained by or within the employ of counsel who receives such materials. Nothing in this Order prevents counsel of record for the defendants or members of their staff from showing or orally summarizing the Government discovery materials and transcripts if, in the discretion of counsel of record, he or she determines that it is necessary to do so for purposes of preparing the defense. Counsel of record or members of the defense team may also show and/or play audio and/or video recordings (but not provide copies of such) provided in discovery to witnesses or potential witnesses or others working at the direction of counsel of record or the defense team, if, in the discretion of the counsel of record, she or he determines that it is necessary to do so for purposes of preparing the defense of the case;

      c) shall not reproduce in any part, in their entirety, nor in any format, any law enforcement reports, transcripts, recordings, and/or other discovery materials for dissemination to any persons or parties not identified in subsection b) above, including other

defendants or the counsel of other defendants, and counsel of record shall maintain complete custody and control over the law enforcement reports, transcripts, recordings, and documents, including notes and/or copies;

  d) may allow transcripts or other discovery materials containing Jencks Act (18 U.S.C. § 3500) statements of witnesses, e.g., grand jury transcripts, witness statements whether electronically recorded or in the form of handwritten statements by the witnesses, or reports of witness statements by law enforcement officers, search warrant affidavits, or copies or summaries of the same, to remain with their client in that defendant's detention facility (if detained) for review outside the presence of the defendant's attorney of record, or a member of the attorneys' staff, but may not allow Rule 11 memoranda of cooperating witnesses, if any, and other defendants' post-Miranda statements to remain in the possession of defendants outside of the presence of that defendant's respective legal counsel; to aid in the distinction between what may and may not remain with defendants absent counsel, the government agrees to notify each defendant's counsel which items constitute cooperator or post-Miranda evidence;

  e) shall not provide copies of any notes or records of any kind made in relation to the contents of the discovery materials, other than to their client defendant, the attorneys of record, and those employed or retained to work on the case, and all such notes or records are to be treated in the manner as the original discovery materials; and

  f) shall upon conclusion of this case, including any appeal, habeas action, or other legal proceeding, dispose of all discovery materials in one of two ways, unless otherwise ordered by the Court:  materials must be (1) destroyed or (2) returned to the United States.  The Court may require a certification as to the disposition of any such materials;

2.	Any filing or pleading that has as an attachment a protected document or which contains protected information from a protected document shall be filed under seal and copies sent by email to the other parties, unless the Government agrees that the materials may be filed publicly. A copy of a filing without the protected attachment may be provided to defendants on whose behalf the document was not filed upon redaction of the information from the protected documents. The un-redacted motion and attachment(s) may be shown to the defendants on whose behalf the materials were filed.

3.	Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof. At a later date, defense counsel anticipate asking the Court to modify this order by allowing counsel to provide other protected materials to the in-custody defendants at their detention facility in electronic form, such as on an external hard drive, pursuant to the detention facility's policies and procedures.

Dated this 28th day of September, 2020.

Respectfully submitted,

NICHOLAS A. TRUTANICH
United States Attorney

_____/s/_____
Shaheen P. Torgoley
Brett Ruff
Assistant United States Attorneys

For Adali Arnuflo Escalante-Trujillo (1)          For Jose Alfredo Ayala-Flores (2)

/s/David R Fischer                                             /s/Dustin Marcello
David R Fischer, Esq.                                        Dustin Marcello, Esq.

| For Alvaro Ernesto Perez Carias (3) | For Sebastian Ocadiz-Castro (4) |
|---|---|
| /s/Jess Marchese<br>Jess Marchese, Esq. | /s/ Joshua Tomsheck<br>Joshua Tomsheck, Esq. |

| For Juan Luis-Rico (5) | For Juan Angel Reyes (6) |
|---|---|
| /s/Richard E. Tanasi<br>Richard E. Tanasi, Esq. | /s/Ivette A. Maningo<br>Ivette A. Maningo, Esq. |

| For Miguel Angel Nieto-Romero (7) | For Rosalio Siguenza-Romero (8) |
|---|---|
| /s/Abel Mariano Yanez<br>Abel Mariano Yanez, Esq. | /s/Todd M. Leventhal<br>Todd M. Leventhal, Esq. |

| For Daniel Enrique Perez-Torres (9) | For Jose Gerardo Cortez-Diaz (10) |
|---|---|
| /s/ Amanda S. Gregory<br>Amanda S. Gregory, Esq. | /s/Benjamin C Durham<br>Benjamin C. Durham, Esq. |

| For Eder Cruz-Salguero (11) | For Carlos Lopez-Guzman (12) |
|---|---|
| /s/James A. Oronoz<br>James A. Oronoz, Esq. | /s/Lance Maningo<br>Lance Maningo, Esq. |

For Pedro Montalvo (13)

/s/William H. Brown
William H. Brown

**IT IS SO ORDERED:**

_____   October 8, 2020
**RICHARD F. BOULWARE, II**         **Date**
**United States District Judge**

5