# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-cr-00156-RFB-DJA-3 |
| Plaintiff, | **ORDER** |
| v. | |
| ALVARO ERNESTO PEREZ CARIAS, | |
| Defendant. | |

Before the Court is Defendant Alvaro Ernesto Perez Carias' *pro se* Motion for Sentence Reduction (ECF No. 601), Motion to Extend Time (ECF No. 611), and Motions for Clarification (ECF Nos. 628, 629). For the following reasons, Mr. Perez's Motion for a Sentence Reduction is denied, and his other motions are granted.

**A. BACKGROUND**

On September 15, 2023, the Court sentenced Mr. Perez to 120 months of imprisonment for one count of conspiracy to distribute methamphetamine. ECF Nos. 508, 516. The Court determined that Mr. Perez had an offense level of 33 and a criminal history category of V, for a guideline range of 210-262 months of incarceration. See ECF No. 28. On January 30, 2024, Mr. Perez filed the instant *pro se* Motion for Sentence Reduction. ECF No. 601. On February 13, 2024, the Federal Public Defender filed a notice of non-supplementation. ECF No. 604. On February 28, 2024, the United States filed a Response. On March 23, 2024, Mr. Perez filed a *pro se* motion seeking additional time to brief the Court and on September 18 and 20, Mr. Perez filed submissions titled "Re: Clarification". ECF Nos. 628, 629. The United States responded. ECF No. 631. The Court's Order follows.

## B. DISCUSSION

The Court now turns to Mr. Perez's motions.

### a. Motion to Extend Time and Motions for Clarification

As a threshold matter, Mr. Perez's Motion to Extend Time sought additional time to file briefing regarding his resentencing motion, which was ultimately filed as his Motions for Clarification. Good cause appearing, the Court finds it appropriate to grant the extension of time *nunc pro tunc* (that is, "now for then"). Further, the Court construes the Motions for Clarification as motions for leave to file the included additional briefing. Good cause appearing, those motions are granted, and the briefing provided by Mr. Perez will be considered in support of his instant Motion for a Sentence Reduction.

### b. Motion for Sentence Reduction

The Court now turns to the merits of Mr. Perez's Motion for a Sentence Reduction. Mr. Perez argues that (1) he is eligible for resentencing following Amendment 821 to the guidelines and (2) that his conviction for conspiracy does not qualify as a "crime of violence" for sentencing purposes. Courts may modify a term of imprisonment, once imposed, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered[.]" 18 U.S.C. § 3582(c)(2). However, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10(b)(2)(A). For the following reasons, the Court finds that Mr. Perez was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered. Therefore, he does not qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2).

#### i. Amendment 821

Mr. Perez argues he qualifies for a sentence reduction under Amendment 821, which modified part of how criminal history points are calculated under the guidelines. For the following reasons, the Court finds that Amendment 821 provides no basis for relief.

The Court first reviews the relevant background. The Presentencing Report furnished the following, relevant information concerning the calculation of Mr. Perez's criminal history.

1. In 1986, at age 16, Mr. Perez was petitioned by a California court of possession of marijuana for sale.
2. In 1987, at age 16, Mr. Perez was petitioned by a California court of assault.
3. In 1987, at age 17, Mr. Perez was petitioned by a California court of assault.
4. In 1987, at age 17, Mr. Perez was petitioned by a California court of burglary and vehicle theft.
5. In 1988, at age 18, Mr. Perez was convicted by a California court of misdemeanor burglary. He pleaded *nolo contendere* and was placed on probation for 24 months with 60 days to be served in jail.
6. In 2006, Mr. Perez was convicted by a California court of felony possession of cocaine for sale. He pleaded *nolo contendre* and was placed on probation with 266 days to be served in jail.
7. In 2013, a California court ordered the arrest of Mr. Perez for a 2007 felony conspiracy charge. He was arrested in 2014. In 2015, Mr. Perez pleaded *nolo contendere* and was sentenced to four years, plus five years for enhancements. He was paroled in 2018 and discharged in 2021.
8. In 2008, Mr. Perez was convicted by a California court of two felony counts for transporting cocaine and methamphetamine. He was sentenced to four years, suspended, and placed on probation. He was discharged in 2012.
9. In 2012, Mr. Perez was convicted by a California court of a 2011 felony possession charge. He pleaded *nolo contendere* and was sentenced to two years in the county jail.
10. In 2013, Mr. Perez was convicted by a federal court of being found in the United States after a previous deportation. He was sentenced to 24 months.

The United States Sentencing Guidelines impose 3 criminal history points for a prior sentence of over a year, 2 points for at least 60 days, and 1 point for all other sentences. See U.S.S.G. § 4A1.1. The guidelines also exclude some of Mr. Perez's prior convictions from this calculation. Mr. Perez's first four convictions occurred before his eighteenth birthday and, therefore, are excluded under U.S.S.G. § 4A1.2(d). His fifth, sixth, and eighth convictions are excluded under U.S.S.G. § 4A1.2(e)(3). His remaining convictions—seven, nine, and ten—each produce three criminal history points for a sum of nine points. Further, because the offense in this case was committed while under the sentence imposed in conviction seven, a two-point enhancement was applied pursuant to U.S.S.G. § 4A1.1(d). This final total of 11 criminal history points was not further modified by the guidelines. The guidelines provide that 10-12 criminal history points results in a criminal history category of V. See U.S.S.G. § 5A.

At sentencing the Court determined that Mr. Perez had a total offense level of 37 and a criminal history category of V, the guideline range was 324 to 405 months of incarceration. See

id. (providing the sentencing table). At sentencing, the Court further applied a group plea reduction to reduce the offense level to 33, reducing the guideline range to 210 to 262 months. At sentencing, the Court significantly varied downward from the guidelines. The Court imposed a sentence of 120 months of incarceration.

With that understanding, the Court now turns to the merits of Mr. Perez's motion. He argues he is eligible for resentencing following Amendment 821 to the guidelines. Courts may modify a term of imprisonment, once imposed, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered[.]" 18 U.S.C. § 3582(c)(2). However, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

Amendment 821 of the guidelines retroactively reduced sentences in two relevant ways. First, U.S.S.G. § 4C1.1 was created, which provides a two-point reduction of the offense level for certain people without any criminal history points (known as "zero-point offenders"). Second, U.S.S.G. § 4A1.1 was amended the calculation of criminal history points when the underlying offense was committed while under another sentence (known as "status points"). Individuals with six prior status points now receive no additional criminal history points and those with seven or more receive a single criminal history point enhancement.

Mr. Perez does not materially benefit from either part of the Amendment. First, as the discussion above shows, Mr. Perez was not a zero-point offender. Second, while the status point amendment does apply, it does not benefit him. Under Amendment 821, Mr. Perez's two-point status point enhancement would be reduced to a single point. This would reduce his criminal history points from 11 to 10. However, 10 criminal history points still leaves Mr. Perez in category V and, thus, produces the same sentence. Further, even if Mr. Perez could somehow reduce his criminal history category to I, the guidelines would still produce a range of 135-168 months of incarceration.[1] Mr. Perez is sentenced to 120 months, so even in that scenario, his

---

[1] The Court need not address here the United States' argument that the group plea variance should not be considered for resentencing, meaning that a criminal history of V and an

sentence could not be reduced. U.S.S.G. § 1B1.10(b)(2)(A).

In sum, the Court finds that Mr. Perez was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered. Therefore, he does not qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### C.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Alvaro Ernesto Perez Carias' *pro se* Motion for Sentence Reduction (ECF No. 601) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Extend Time (ECF No. 611), and Motions for Clarification (ECF Nos. 628, 629) are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court will provide Defendant a physical courtesy copy of this Order by first-class United States postage.

**DATED:** December 18, 2024.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

---

offense level of 37 would apply as the baseline.